UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. EINHORN,<br>ADMINISTRATOR TEAMSTERS HEALTH<br>AND WELFARE FUND OF<br>PHILADELPHIA AND VICINITY<br>      Plaintiff,<br><br>v.<br><br>JAMES CONNOR and DONNA CONNOR,<br><br>      Defendants. | No. 18-mc-91314-LTS |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR SANCTIONS**

DONALD L. CABELL, U.S.M.J.

**I.    INTRODUCTION**

Plaintiff William J. Einhorn, Administrator of the
Teamsters Health and Welfare Fund of Philadelphia and Vicinity,
moves to have defendant James Connor held in civil contempt and
sanctioned for his failure to comply with this court's prior
orders.  (D. 20).  The matter has been referred to this court
for a report and recommendation.  For the reasons explained
below, I recommend that the motion be <u>allowed</u> in part.

**II.  RELEVANT FACTS**

On July 19, 2016, the U.S. District Court for the District
of New Jersey issued a default judgment in the amount of
$171,866.47 against James and Donna Connor for making

misrepresentations relating to certain employee benefits.  (D. 1).  The judgment was registered in the District of Massachusetts and subsequently certified by the Clerk of Court. (Id.).  The Clerk of Court subsequently issued a Writ of Execution, effectively allowing the plaintiff to pursue the judgment against James Connor in this district.  (D. 5).

On May 30, 2019, the plaintiff moved to compel the defendant to respond to post-judgment interrogatories and to produce pertinent documents regarding assets.  On June 21, 2019, the court allowed the motion as unopposed.  (D. 6-7).  The defendant apparently did not comply.

On March 5, 2020, the plaintiff filed a motion for supplementary process for permission to examine the defendants' assets and their ability to satisfy the judgment.  On June 29, 2020, the court allowed the motion as unopposed and issued a summons commanding defendant James Connor to appear via video on August 12, 2020 to submit to an examination.  (D. 8, 12-14).

On August 11, 2020, the day before the scheduled hearing, the plaintiff moved to continue the proceeding because, he contended, the defendant had been evading service of the summons and additional time was needed to "investigate other potential addresses and perfect service."  The plaintiff mailed a copy of the motion to the defendant to known addresses of his in Cranston, Rhode Island, and Saugus, Massachusetts.  The court

allowed the motion and continued the hearing to September 28, 2020.  (D. 15, 16).

On August 26, 2020, the plaintiff filed a "Proof of Service" indicating that a constable had successfully served the defendant with a copy of the summons for the August 12th hearing at his Rhode Island residence.  Notably, though, the service was not made until August 18, 2020, that is, about a week after the hearing was to take place.  (D. 17).

That being said, the constable also presented the defendant with several papers related to this proceeding writ large, including one page indicating that the court had continued the August 12 hearing to September 28, 2020.  The constable also took a photograph of the defendant holding the papers.  (D. 22, Ex. B).

On September 28, 2020, the court convened the hearing as scheduled.  The plaintiff appeared but the defendant failed to appear.  Following counsel's representation that the defendant had been properly served and made aware of the hearing, the court found "Mr. Connor was properly served and was made aware of this proceeding and did not appear."  (D. 23).

Against that backdrop, the plaintiff on November 12, 2020 filed the instant motion for contempt against the defendant pursuant to Fed. R. Civ. P. 64 and M.G.L. c. 224, §§ 14-16 for his failure to appear at the September 28, 2020 hearing as well

as his failure to comply with the earlier June 21, 2019 order
compelling the defendant to respond to the plaintiff's post-
judgment interrogatories.  The plaintiff also submitted an
accompanying memorandum of law and mailed a copy of each to the
defendant at his Cranston, RI address, and also emailed him a
copy of both at an email address the defendant has been using at
all relevant times.  The plaintiff asks that the defendant be
found in contempt and fined.  The plaintiff also asks for the
issuance of a *capias* warrant for his arrest.

## III. <u>LEGAL STANDARD</u>

A trial court has the power to sanction an individual for
contempt for violation of a court order.  *In re Grand Jury
Investigation*, 545 F.3d 21, 25 (1st Cir. 2008).  In order to show
civil contempt, the court must find: "(1) that the alleged
contemnor had notice that he was 'within the order's ambit'; (2)
that the order was 'clear and unambiguous'; (3) that the alleged
contemnor had the ability to comply; and (4) the order was indeed
violated."  *United States v. Saccoccia*, 433 F.3d 19 (1st Cir.
2005).  Civil contempt must be established by clear and convincing
evidence and the violated order must be clear and unambiguous in
its terms.  *Gemco Latinoamerica v. Seiko Time Corp.*, 61 F.3d 94,
98 (1st Cir. 1995).

As it relates to sanctions,

4

> a trial court has broad discretion in fashioning
> sanctions for failure to comply with court orders. The
> purpose of civil contempt is to *coerce compliance* with
> an order of the court. A court may incarcerate the
> contemnor until he or she complies with the Court's
> order. In addition, the Court may impose monetary
> sanctions.

*McAnarney v. Optimum Bldg. & Inspection Corp.*, No. CV 13-

11115-GAO, 2016 WL 1601190, at *4 (D. Mass. Apr. 20, 2016)

(internal citations and quotation marks omitted) (emphasis in

original).

A magistrate judge's role in a civil contempt proceeding is

governed by 28 U.S.C. § 636(e). The statute provides that where,

> the act constitutes a civil contempt, the magistrate
> judge shall forthwith certify the facts to a district
> judge and may serve or cause to be served, upon any
> person whose behavior is brought into question under
> this paragraph, an order requiring such person to appear
> before a district judge upon a day certain to show cause
> why that person should not be adjudged in contempt by
> reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii).

## IV.  <u>ANALYSIS</u>

The court finds in light of the foregoing that the

plaintiff has demonstrated by clear and convincing evidence that

defendant James Connor's failure to participate in proceedings

before this court constitutes civil contempt. The plaintiff

provided a signed affidavit from the constable who served the

notice of the hearing personally on the defendant and attached a

photo of the defendant receiving the papers in hand. (D. 22,

Ex. B).  The order for the defendant to appear before the court for the purpose of examining his assets was furthermore unambiguous.  It directed the defendant to appear via Zoom and to contact the court's deputy clerk prior to the hearing. Despite receiving notice, the defendant did neither, and in fact has never filed any pleadings or submissions in these proceedings.

V.   **CONCLUSION**

Accordingly, the undersigned certifies the above facts and recommends to the district judge that the plaintiff's Motion for Contempt Against Defendant James Connor for the Award of Compensatory and Conditional Fines and for the Issuance of a Capias (D. 20) be <u>allowed</u> in part.

Specifically, the court recommends that the district judge order defendant James Connor to appear for a supplementary process hearing set by the district judge, or by the magistrate judge if the matter has been so referred.  If after receiving notice the defendant still fails to appear, the district judge should issue a *capias* warrant for the defendant's arrest or, if applicable, authorize the magistrate judge presiding over the hearing to issue such a warrant.  The court also recommends that

the defendant be ordered to pay the plaintiff's attorney's fees associated with the bringing of the instant motion for contempt.[1]

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  January 15, 2021

---

[1] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b), will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See *Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also*, *Thomas v. Arn*, 474 U.S. 140 (1985).